# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. ALBRIGHT, et al.,<br><br>    Defendants. | No. 1:18-cv-01480-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 50)** |

On July 30, 2019, Plaintiff filed a motion in which he contends that he exhausted administrative remedies and objected to Defendants' Answer to the extent that Defendants contend he failed to do so before filing suit. (Doc. 50.) The time for Defendants to file an opposition to Plaintiff's motion has lapsed. The motion is deemed submitted. L.R. 230(*l*).

Failure to exhaust administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a) is an affirmative defense. Plaintiff's motion is construed as a motion to strike the portion of Defendants Answer that raises exhaustion as an affirmative defense. The Federal Rules of Civil Procedure require a party responding to a pleading to identify its defenses to each claim asserted. Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of

limitations; and waiver." Fed. R. Civ. P. 8(c).

In *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), the Ninth Circuit Court of Appeals determined, "'the "fair notice' required by the pleading standards only requires describing the defense in "general terms." Though this is not a demanding standard, it *does still* require a party to plead some factual basis for its allegations. "Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based." *Dodson v. Munirs Co.*, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013). Likewise, "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)).

In their Answer, Defendants state:

> In response to Section II of the complaint, entitled "Exhaustion of Administrative Remedies," Defendants admit that an administrative grievance process existed at North Kern State Prison at all relevant times to this action. Defendants deny that Plaintiff filed grievances concerning all the facts in his complaint, and on that basis they deny the remaining factual allegations in this section.

(Doc. 44, ¶2.) Thus, Defendants admit that NKSP has an inmate grievance process but deny that Plaintiff filed grievances concerning all the facts in his complaint. (*Id.*) The Court finds Plaintiff has been placed on fair notice of this defense and, to the extent that Plaintiff's motion seeks to strike this affirmative defense, it is **DENIED**.

If Defendants intend to raise Plaintiff's exhaustion efforts as a dispositive issue, they may do so in a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). To the extent that Plaintiff's motion seeks a determination on this issue it is disregarded as his efforts are premature.

///
///
///
///

2

Accordingly, Plaintiff's motion challenging exhaustion of administrative remedies, filed on July 30, 2019 (Doc. 50), is DENIED.

IT IS SO ORDERED.

Dated: **August 22, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE